RIDGELY v. RICHARD et al.'

(Circuit Court, S. D. New York. March 30, 1904.)

1. ACTIONS—BOOKS AND PAPERS—PRODUCTION—PLEADING.

Where a complaint failed to charge the falsity of certain statements in a circular, on which it was averred plaintiff relied in making a subscription to the stock of a company organized by defendants, complainant was not entitled to an order compelling defendants to produce certain accounts, nautical charters, and other books before trial, in order to enable plaintiff to prove the falsity of such statements at the trial.

2. SAME—RECORDS IN POSSESSION OF ANOTHER.

Where a complaint alleged that certain nautical charters and contracts had been sold by defendants to a corporation which was not a party to the action, complainant, in the absence of anything tending to indicate that such charters, etc., had not been transferred to the corporation, was not entitled to an order directing defendants to produce the same, together with the stockbook, minute book, and all papers and bank and check books of the corporation, for plaintiff's inspection before trial, under Rev. St. § 724 [U. S. Comp. St. 1901, p. 583], authorizing the court to require the "parties to the action" to produce for inspection books or writings in their possession or power.

Application for the Production of Books and Papers under Section 724, Rev. St. [U. S. Comp. St. 1901, p. 583].

Roger Foster, for the motion.
Kurzman & Frankenheimer, opposed.

LACOMBE, Circuit Judge. The action is brought solely against Oscar L. Richard and Edwin H. Richard, individually and as members of the firm of C. B. Richard & Co. The application is for an order requiring the defendants to produce in court, for inspection by the plaintiff, certain books and papers, which are divided, in the application, into four classes:

(1) The ledger, cashbook, book of check stubs, and other books of account of the firm of C. B. Richard & Co., which show the profits and loss, the receipts and disbursements derived by said firm from all the steamers, contracts, and charter parties described in and referred to in said circular, a copy of which is set forth in paragraph 4 of the complaint. The only statement in the circular to which this description is at all relevant is that C. B. Richard & Co. had chartered for their own account a number of steamers, some on time charter and others for one voyage only, with the result that their books showed for 18 consecutive trips an average profit of over $860 per steamer. It is asserted that plaintiff wants this inspection in order to put himself in a position to show on the trial that the above-recited statement in the circular, upon which it is averred that plaintiff relied in making a subscription to the stock of a company organized by defendants, was false. The complaint, however, fails to aver that said statement was false, and, upon a careful study of its language, it is difficult to escape the conviction that the pleader intentionally and carefully avoided making such averment.

(2) The charter parties and contracts therein referred to. The situation as to these is the same as in class 1.

(3) The charter parties and contracts for transportation described and referred to in paragraphs 2 and 4 of said complaint, which are designated as "Keystone Line Contracts." The fifth paragraph of the complaint, under the heading "Second Cause of Action," avers that the Keystone Line Charters and contracts were sold by defendants to the corporation Manhattan Shipping Company for $21,000 and 100 shares of stock, and there is nothing to indicate that they were not transferred by defendants to the company, in whose possession, presumably, they still remain.

(4) The stockbook, the minute book, and all papers, bankbooks, and checkbooks of the Manhattan Shipping Company. Section 724, Rev. St. [U. S. Comp. St. 1901, p. 583] authorizes the court to require "the parties" to the action to produce for inspection "books or writings in their possession or power." The Manhattan Shipping Company is not a party to this action, and its books and papers cannot properly be said to be in the power of the firm of C. B. Richard & Co., or of either of its individual partners, although it happens that one of those partners is also an officer of the company. He is not sued as such officer.

The application is denied.